**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **WILLIE WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:25-cv-01766-MSN-LRV** |
| ) | |
| **NAVY-MARINE CORPS RELIEF** ) | |
| **SOCIETY** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>ANSWER TO PLAINTIFF'S AMENDED COMPLAINT</u>

Defendant Navy-Marine Corps Relief Society ("NMCRS", the "Society", or "Defendant"), hereby answers, admits, and denies the allegations of the Amended Complaint (Dkt. 9) as follows. Defendant denies all allegations not specifically admitted herein.

## <u>NATURE OF ACTION</u>

1.      Defendant denies the allegations of Paragraph 1 of the Amended Complaint, except to admit that Plaintiff was employed by Defendant for 25 years, that in his final position with Defendant he was assigned the role of overseeing the Information Technology of the organization, a duty which he did not perform well overall, and that Defendant has supported service members and their families for over 100 years.  With respect to the allegations in Paragraph 1 of the Amended Complaint relating to Plaintiff's race, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations regarding Plaintiff's race do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, NMCRS denies that it engaged

in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

2.      With respect to the first sentence of Paragraph 2 of the Amended Complaint, Defendant: (i) admits that on May 23, 2023, Plaintiff was notified that his employment would be terminated; (ii) denies that Plaintiff requested FMLA leave and/or disability accommodations on May 22, 2023;  and (iii) as to the remainder of the sentence, Defendant is without sufficient information or knowledge to admit or deny the allegations and on that basis denies such allegations.  With respect to the second sentence of Paragraph 2 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations and on that basis denies such allegations.

3.      With respect to the allegations in Paragraph 3 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

4.      The allegations contained in Paragraph 4 of the Amended Complaint are comprised of Plaintiff's characterization of his claims and are in the nature of a legal conclusion and do not require a substantive response. To the extent that a response is required, Defendant denies the allegations, and specifically denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff.

## PARTIES

5.      Defendant admits the allegations of the first sentence of Paragraph 5 of the Amended Complaint.  Defendant lacks information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 5 of the Amended Complaint and therefore denies the allegations.

6.      Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Defendant admits the allegations contained in the first sentence of Paragraph 7 of the Amended Complaint.  With respect to the allegations in the second sentence of Paragraph 7 of the Amended Complaint relating to Plaintiff's race, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations regarding Plaintiff's race do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, NMCRS denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

8.      Defendant admits the allegations contained in Paragraph 8 of the Amended Complaint.

## JURISDICTION AND VENUE

9.      Defendant admits the allegations contained in Paragraph 9 of the Amended Complaint.

10.      With respect to the allegations in Paragraph 10 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in

Counts Five and Six to proceed.  The allegations in Paragraph 10 do not relate to either of the remaining counts, therefore no substantive response is required, and the allegations are denied on that basis.

11.    Defendant admits the allegations contained in Paragraph 11 of the Amended Complaint.

12.    Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint.

13.    Defendant admits the allegations contained in Paragraph 13 of the Amended Complaint.

## PROCEDURAL STATUS

14.    With respect to the allegation in Paragraph 14 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations and on that basis denies such allegations.

15.    Defendant admits the allegations contained in first sentence of Paragraph 15 of the Amended Complaint.  With respect to the second sentence of Paragraph 15 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations and on that basis denies such allegations.

16.    Defendant admits the allegation in the first sentence of Paragraph 16, that the EEOC issued a Notice of Right to Sue on June 18, 2025, which was addressed to Plaintiff at the same address as Plaintiff has listed as his home address in the Amended Complaint.  Defendant denies the remaining allegations in Paragraph 16.

17.    Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

(a)     Defendant denies the allegations contained in Paragraph 18(a) of the Amended Complaint.

19.     With respect to the allegations in Paragraph 19 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  The allegations relating to Title VII and 42 U.S.C. § 1981 do not relate to either of the remaining counts, therefore no substantive response is required, and the allegations are denied on that basis. Defendant denies that Plaintiff has exhausted his administrative prerequisites for his ADA claims, except to admit that Plaintiff exhausted his ADA claim related solely to his termination.  Defendant admits that the FMLA does not require administrative exhaustion.

20.     With respect to the allegations in Paragraph 20 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

**FACTUAL ALLEGATIONS**

21.     With respect to the allegations in Paragraph 21 of the Amended Complaint as to the race of Plaintiff, on January 30, 2026, the Court dismissed with prejudice the claims asserted by

Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.  As regards the statement that Plaintiff is a member of protected classes under federal and Virginia law, Defendant notes that any and all persons are a member of protected classes under federal and Virginia law.

22.    Defendant admits the allegations contained in Paragraph 22 of the Amended Complaint.

23.    Defendant admits the allegations contained in Paragraph 23 of the Amended Complaint, except to deny that it receives federal financial support.

24.    Defendant admits the allegations contained in Paragraph 24 of the Amended Complaint.

25.    With respect to the allegations in Paragraph 25 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

26.    Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint, except to admit that in 2018, Plaintiff reported experiencing a cardiac event requiring

surgery, that Plaintiff applied for and received long-term disability benefits pursuant to a plan provided by Defendant, and Plaintiff eventually returned to his employment with Defendant.

27.    Defendant denies the allegations contained in Paragraph 27, including subparagraphs(a)-(f), of the Amended Complaint, except to admit that Plaintiff served for a time as the Chief Information Officer of Defendant; and further that Plaintiff was responsible for overseeing the IT operations for Defendant; and further that Plaintiff, primarily as the result of the accomplishments of his team, performed some of his duties in acceptable manner, and in some instances he and his team were acknowledged for their contributions; and further that Plaintiff also performed other duties in an unsatisfactory manner, including as recognized in two different IT audits conducted by outside firms which found significant deficiencies in the IT operations of the Defendant; and further that as result of some of Plaintiff's failings, Defendant has been required to expend additional resources on IT support and development beyond what should have been necessary, including with regard to certain deficiencies in CAP II which were only discovered after Plaintiff's employment ended.

28.    Defendant denies the allegations contained in Paragraph 28, including especially that Plaintiff played any type of critical role in the Defendants clean financial audits, except to admit that Plaintiff served for a time as the Chief Information Officer of Defendant; and further that Plaintiff was responsible for overseeing the IT operations for Defendant; and further that Plaintiff, primarily as the result of the accomplishments of his team, performed some of his duties in acceptable manner, and in some instances he and his team were acknowledged for their contributions, including undertaking certain steps to secure necessary Department of Defense certification and accreditation; and further that Plaintiff also performed other duties in an unsatisfactory manner, including as recognized in two different IT audits conducted by outside

firms which found significant deficiencies in the IT operations of the Defendant; and further that as result of some of Plaintiff's failings, Defendant has been required to expend additional resources on IT support and development beyond what should have been necessary.

29.    Defendant denies the allegations contained in Paragraph 29 to the extent that Plaintiff is suggesting that occasional recognition meant he was performing his job in a satisfactory manner, except to admit that Plaintiff served for a time as the Chief Information Officer of Defendant; and further that Plaintiff was responsible for overseeing the IT operations for Defendant; and further that Plaintiff, primarily as the result of the accomplishments of his team, performed some of his duties in acceptable manner, and in some instances he and his team were acknowledged for their contributions; and further that Plaintiff also performed other duties in an unsatisfactory manner, including as recognized in two different IT audits conducted by outside firms which found significant deficiencies in the IT operations of the Defendant; and further that as result of some of Plaintiff's failings, Defendant has been required to expend additional resources on IT support and development beyond what should have been necessary.

30.    Defendant denies the allegations contained in Paragraph 30 to the extent that Plaintiff is suggesting that a statement from an individual in October 2021 meant he was performing his job in a satisfactory manner, except to admit that Plaintiff served for a time as the Chief Information Officer of Defendant; and further that Plaintiff was responsible for overseeing the IT operations for Defendant; and further that Plaintiff, primarily as the result of the accomplishments of his team, performed some of his duties in acceptable manner, and in some instances he and his team were acknowledged for their contributions, including by the individual named in Paragraph 30; and further that Plaintiff also performed other duties in an unsatisfactory manner, including as recognized in two different IT audits conducted by outside firms which found

significant deficiencies in the IT operations of the Defendant; and further that as result of some of Plaintiff's failings, Defendant has been required to expend additional resources on IT support and development beyond what should have been necessary.

31.    Defendant denies the allegations contained in Paragraph 31 to the extent that Plaintiff is suggesting that a statement from another individual in October 2021 meant he was performing his job in a satisfactory manner, especially when such individual recommended an outside IT audit firm which found significant deficiencies in Plaintiff's work, except to admit that Plaintiff served for a time as the Chief Information Officer of Defendant; and further that Plaintiff was responsible for overseeing the IT operations for Defendant; and further that Plaintiff, primarily as the result of the accomplishments of his team, performed some of his duties in acceptable manner, and in some instances he and his team were acknowledged for their contributions, including by the individual named in Paragraph 31; and further that Plaintiff also performed other duties in an unsatisfactory manner, including as recognized in two different IT audits conducted by outside firms which found significant deficiencies in the IT operations of the Defendant; and further that as result of some of Plaintiff's failings, Defendant has been required to expend additional resources on IT support and development beyond what should have been necessary.

32.    Defendant denies the allegations contained in Paragraph 32 to the extent that Plaintiff is suggesting that the deployment of CAP II under his leadership was successful, except to admit that certain individuals may have thanked Plaintiff and his team for their implementation of CAP II without realizing or recognizing the deep deficiencies in the work that Plaintiff performed, much of which was not discovered until after Plaintiff's employment ended.  With respect to the allegations in Paragraph 32 of the Amended Complaint that the COO had made a racially charged statement, on January 30, 2026, the Court dismissed with prejudice the claims

asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed, but for the avoidance of doubt, Defendant expressly and explicitly denies that the COO made any racially charged statement.

33.      Defendant denies the allegations contained in Paragraph 33 to the extent that Plaintiff is suggesting that the statement made by the CEO was anything more than a polite way of announcing Plaintiff's departure from the organization.

34.      With respect to the allegations in Paragraph 34 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

35.      With respect to the allegations in Paragraph 35 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

36.      With respect to the allegations in Paragraph 36 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in

Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

37.     With respect to the allegations in Paragraph 37 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

38.     With respect to the allegations in Paragraph 38 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

39.     With respect to the allegations in Paragraph 39 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

40.    With respect to the allegations in Paragraph 40 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

41.    With respect to the allegations in Paragraph 41 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

42.    With respect to the allegations in Paragraph 42 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

43.     With respect to the allegations in Paragraph 43 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

44.     With respect to the allegations in Paragraph 44 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

45.     With respect to the allegations in Paragraph 45 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

46.     With respect to the allegations in Paragraph 46 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in

Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

47.    With respect to the allegations in Paragraph 47 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

48.    With respect to the allegations in Paragraph 48 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

49.    With respect to the allegations in Paragraph 49 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

50.    With respect to the allegations in Paragraph 50 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

51.    With respect to the allegations in Paragraph 51 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

52.    With respect to the allegations in Paragraph 52 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

53.    With respect to the allegations in Paragraph 53 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

54.    With respect to the allegations in Paragraph 54 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

55.    With respect to the allegations in Paragraph 55 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

56.     With respect to the allegations in Paragraph 56 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

57.     With respect to the allegations in Paragraph 57 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

58.     With respect to the allegations in Paragraph 58 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

59.     With respect to the allegations in Paragraph 59 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in

Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

60. With respect to the allegations in Paragraph 60 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

61. With respect to the allegations in Paragraph 61 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

62. With respect to the allegations in Paragraph 62 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

63.    With respect to the allegations in Paragraph 63 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

64.    With respect to the allegations in Paragraph 64 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

65.    With respect to the allegations in Paragraph 65 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

66.    With respect to the allegations in Paragraph 66 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

67.    With respect to the allegations in Paragraph 67 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

68.    With respect to the allegations in Paragraph 68 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

69.    With respect to the allegations in Paragraph 69 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

70.    With respect to the allegations in Paragraph 70 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

71.    With respect to the allegations in Paragraph 71 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

72.    With respect to the allegations in Paragraph 72 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in

Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

73.    With respect to the allegations in Paragraph 73 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

74.    With respect to the allegations in Paragraph 74 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

75.    With respect to the allegations in Paragraph 75 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

76.    With respect to the allegations in Paragraph 76 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

77.    With respect to the allegations in Paragraph 77 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

78.    With respect to the allegations in Paragraph 78 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

79.    Defendant denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.    With respect to the allegations in Paragraph 80 of the Amended Complaint, Defendant lacks the information or knowledge sufficient to admit or deny the allegations that his wife was suffering from a life-threatening medical emergency, and on that basis denies those allegations; Defendant further denies the remaining allegations, except to admit that Plaintiff appeared to take off many days from work during the time period in question.

81.    With respect to the allegations in Paragraph 81 of the Amended Complaint, Defendant lacks the information or knowledge sufficient to admit or deny the allegations that Plaintiff was, in April 2022, dealing with the sudden death of a family member, and on that basis denies that allegation, except to admit that Plaintiff missed a few days of work in April 2022; Defendant further denies the remaining allegations, except to admit that as a result of the ongoing deficiencies demonstrated by Plaintiff, Defendant was compelled to engage the services of Defense Cybersecurity Group (DCG) to conduct an audit of Defendant's IT systems and to admit further that Plaintiff was asked to assist DCG by providing any and all requested information and Plaintiff demonstrated a reluctance in doing so, which made DCG's task more difficult.

82.    With respect to the allegations in the first five sentences of Paragraph 82 of the Amended Complaint, Defendant denies the allegations except to admit that during Plaintiff's medical leave of absence that started in or about January 2018 and lasted for more than 12 months, Defendant, concerned about the state of its IT systems due to Plaintiff's performance deficiencies, contracted with an outside consulting group, Harvard Partners, to conduct an IT assessment in or

about August 2018; Defendant further admits that because Plaintiff was on medical leave, which included long-term disability, Plaintiff was not able to participate as regularly in the Harvard Partners IT assessment; Defendant further admits that Harvard Partners found significant deficiencies in the work that had been performed by Plaintiff and his team.  With respect to the allegations in the sixth sentence of Paragraph 82 of the Amended Complaint, Defendant lacks the information or knowledge sufficient to admit or deny the allegations and on that basis denies those allegations.

83.     With respect to the allegations in the first sentence of Paragraph 83 of the Amended Complaint, Defendant denies the allegations except to admit that Plaintiff's substandard performance required Defendant to retain DCG to provide another IT audit to determine whether the deficiencies that had been identified in the prior IT assessment still remained.  With respect to the allegations in the second sentence of Paragraph 83 of the Amended Complaint, Defendant lacks the information or knowledge sufficient to admit or deny the allegations and on that basis denies those allegations.  With respect to the allegations in the third and fourth sentences of Paragraph 83 of the Amended Complaint, Defendant denies that any of the allegations reflect any improper actions on the part of Defendant or its officers.

84.     With respect to the allegations in the first sentence of Paragraph 84 of the Amended Complaint, Defendant admits the allegations.  With respect to the allegations in the second and third sentences of Paragraph 84 of the Amended Complaint, Defendant states that such allegations are not relevant to any of the claims asserted in this action and therefore no response is required. Defendant denies the remaining allegations in Paragraph 84 of the Amended Complaint.

85.     With respect to the allegations in the first sentence of Paragraph 85 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance

deficiencies, which had been observed for many months and had been confirmed in part by the DCG IT assessment, led to Plaintiff being given a memorandum titled "Concerns of CIO Performance" dated August 23, 2022, which Plaintiff has referred to as a "Performance Improvement Plan" (hereinafter referred to as "PIP").

86.     With respect to the allegations in Paragraph 86 of the Amended Complaint, Defendant denies the allegations except to admit Plaintiff was placed on a PIP in or about August 2022, and specifically denies that this corrective action was in any way related to any leave taken.

87.     With respect to the allegations in Paragraph 87 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance deficiencies, which had been observed for many months and had been confirmed in part by the two IT assessments undertaken by Defendant, led to Plaintiff being placed on a PIP in or about August 2022.

88.     With respect to the allegations in the first sentence of Paragraph 88 of the Amended Complaint, Defendant denies the allegations, except to admit that the CEO expressed his care for Plaintiff or his spouse and that such expression of care while also noting Plaintiff's ongoing performance deficiencies was justified, and to note further that Plaintiff's purported medical conditions, while concerning, did not mean that Defendant should not place Plaintiff on a PIP in August 2022.

89.     With respect to the allegations in Paragraph 89 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

90.    With respect to the allegations in Paragraph 90 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

91.    With respect to the allegations in Paragraph 91 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

92.    With respect to the allegations in Paragraph 92 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

93.    With respect to the allegations in Paragraph 93 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance deficiencies, which had been observed for many months and had been confirmed in part by the DCG IT assessment, prompted Defendant to retain an executive coach for Plaintiff in the sincere hope that some of Plaintiff's performance deficiencies could be corrected through such coaching.

94.    With respect to the allegations in Paragraph 94 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance deficiencies, which had been observed for many months and had been confirmed in part by the two IT assessments undertaken by Defendant, led to Plaintiff being placed on a PIP in or about August 2022.

95.    With respect to the allegations in Paragraph 95 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance deficiencies, which had been observed for many months and had been confirmed in part by the two IT assessments undertaken by Defendant, led to Plaintiff being placed on a PIP in or about August 2022.

96.    With respect to the allegations in the first sentence of Paragraph 96 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance deficiencies, which had been observed for many months and had been confirmed in part by the DCG IT assessment, prompted Defendant to retain an executive coach for Plaintiff in the sincere hope that some of Plaintiff's performance deficiencies could be corrected through such coaching.

28

97.    With respect to the allegations in the first sentence of Paragraph 97 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance deficiencies, which had been observed for many months and had been confirmed in part by the DCG IT assessment, prompted Defendant to retain an executive coach for Plaintiff in the sincere hope that some of Plaintiff's performance deficiencies could be corrected through such coaching.

98.    With respect to the allegations in the first sentence of Paragraph 98 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance deficiencies, which had been observed for many months and had been confirmed in part by the DCG IT assessment, prompted Defendant to retain an executive coach for Plaintiff in the sincere hope that some of Plaintiff's performance deficiencies could be corrected through such coaching.

99.    With respect to the allegations in the first sentence of Paragraph 99 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance deficiencies, which had been observed for many months and had been confirmed in part by the DCG IT assessment, prompted Defendant to retain an executive coach for Plaintiff in the sincere hope that some of Plaintiff's performance deficiencies could be corrected through such coaching.

100.    With respect to the allegations in the first sentence of Paragraph 100 of the Amended Complaint, Defendant denies the allegations, except to admit that Plaintiff's ongoing performance deficiencies, which had been observed for many months and had been confirmed in part by the DCG IT assessment, prompted Defendant to retain an executive coach for Plaintiff in the sincere hope that some of Plaintiff's performance deficiencies could be corrected through such coaching.

101.    Defendant denies the allegations contained in Paragraph 101 of the Amended Complaint.

102.    With respect to the allegations in Paragraph 102 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

103.    With respect to the allegations in Paragraph 103 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

104.    With respect to the allegations in Paragraph 104 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

105.    With respect to the allegations in Paragraph 105 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in

Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

106.    With respect to the allegations in Paragraph 106 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

107.    With respect to the allegations in Paragraph 107 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

108.    With respect to the allegations in Paragraph 108 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

109.    Defendant denies the allegations contained in Paragraph 109 of the Amended Complaint.

110.    Defendant denies the allegations contained in Paragraph 110 of the Amended Complaint, except to admit that an NMCRS conducted an IT assessment in 2018, NMCRS conducted an IT audit in April 2022, and Plaintiff was placed on a PIP in August 2022.

111.    Defendant admits that Plaintiff sent an email taking leave on April 05, 2023, which speaks for itself. Defendant denies the third sentence. Defendant lacks the information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 111 and therefore denies those allegations.

112.    Defendant lacks the information or knowledge sufficient to admit or deny the allegations in Paragraph 112 and therefore denies those allegations.

113.    Defendant lacks the information or knowledge sufficient to admit or deny the allegations in Paragraph 113 and therefore denies those allegations.

114.    Defendant denies the allegations contained in Paragraph 114 of the Amended Complaint.

115.    Defendant denies the allegations contained in Paragraph 115 of the Amended Complaint.

116.    Defendant admits that Plaintiff was notified of his termination on May 23, 2023. Defendant denies all remaining allegations in Paragraph 116 of the Amended Complaint.

117.    The allegations contained in Paragraph 117 are indecipherable and Defendant therefore denies those allegations.

118.    Defendant denies the allegations contained in Paragraph 118 of the Amended Complaint, except to admit that Plaintiff's 25th service anniversary was June 28, 2023.

119.    Defendant lacks the information or knowledge sufficient to admit or deny the allegations relating to a 2023 cardiac event and therefore denies those allegations. Defendant denies the allegations that Plaintiff disclosed his alleged need for FMLA and denies the allegations that Plaintiff submitted a formal written FMLA request.

120.    Defendant lacks the information or knowledge sufficient to admit or deny the allegations in Paragraph 120 and therefore denies those allegations.

121.    Defendant denies the allegations contained in Paragraph 121 of the Amended Complaint.

122.    Defendant denies the allegations contained in Paragraph 122 of the Amended Complaint, except to admit that a phone call took place between CEO Ruark and Plaintiff on June 7, 2023.

123.    Defendant denies the allegations contained in Paragraph 123 of the Amended Complaint.

124.    Defendant denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.    Defendant denies the allegations regarding any unlawful conduct and alleged consequences suffered by Plaintiff. Defendant lacks the information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 125 regarding Plaintiff's mental health and therefore denies those allegations.

126.    Defendant denies the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Defendant denies the allegations contained in Paragraph 127 of the Amended Complaint, except to admit that out of respect for Plaintiff and in an effort to characterize in positive terms Plaintiff's discharge due to well documented unsatisfactory performance, the CEO of NMCRS issued a statement noting that Plaintiff was retiring and thanking Plaintiff for his contributions, among other things.

128.    Defendant denies the allegations contained in Paragraph 128 of the Amended Complaint, except to admit that in effort to provide Plaintiff with some additional compensation as well to characterize in positive terms Plaintiff's discharge due to well documented unsatisfactory performance, Defendant offered Plaintiff the opportunity to return briefly and provide consulting services to the organization through which he could assist Defendant onboard the new CIO, and that Plaintiff rejected that offer.

129.    Defendant denies the allegations contained in Paragraph 129 of the Amended Complaint, except to admit that as part of the offer to have Plaintiff return on a temporary basis as a contractor, Plaintiff was informed that Defendant had found a replacement in response to a search which had been initiated in April 2023.

130.    With respect to the allegations contained in Paragraph 130 of the Amended Complaint, Defendant denies such allegations, except to admit that the email address and box used by Plaintiff as an employee of Defendant at all times remained the property of Defendant, a fact that Plaintiff knew or should have known as the CIO, and that Defendant was completely within his rights to access, monitor, and review any and all emails sent from or directed into such email boxes.

131.    With respect to the allegations contained in Paragraph 131 of the Amended Complaint, Defendant denies such allegations, except to admit that the email address and box used by Plaintiff as an employee of Defendant at all times remained the property of Defendant, a fact that Plaintiff knew or should have known as the CIO, and that Defendant was completely within his rights to access, monitor, and review any and all emails sent from or directed into such email boxes.

132.    With respect to the allegations in Paragraph 132 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

133.    With respect to the allegations in Paragraph 133 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

134.    With respect to the allegations in Paragraph 134 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in

Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

135.    With respect to the allegations in Paragraph 135 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

136.    With respect to the allegations in Paragraph 136 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

**COUNT ONE**
**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF**
**42 U.S.C. § 1981**

137.    With respect to the allegations in Paragraph 137 of the Amended Complaint, Defendant hereby incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

138. With respect to the allegations in Paragraph 138 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

139. With respect to the allegations in Paragraph 139 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

140. With respect to the allegations in Paragraph 140 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

141. With respect to the allegations in Paragraph 141 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in

Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

142. With respect to the allegations in Paragraph 142 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

143. With respect to the allegations in Paragraph 143 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

144. With respect to the allegations in Paragraph 144 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

145.    With respect to the allegations in Paragraph 145 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

## COUNT TWO
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1981

146.    With respect to the allegations in Paragraph 146 of the Amended Complaint, Defendant hereby incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

147.    With respect to the allegations in Paragraph 147 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

148.    With respect to the allegations in Paragraph 148 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in

Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

149.    With respect to the allegations in Paragraph 149 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

150.    With respect to the allegations in Paragraph 150 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

151.    With respect to the allegations in Paragraph 151 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

152.    With respect to the allegations in Paragraph 152 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

153.    With respect to the allegations in Paragraph 153 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

154.    With respect to the allegations in Paragraph 154 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

155.    With respect to the allegations in Paragraph 155 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

156.    With respect to the allegations in Paragraph 156 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

157.    With respect to the allegations in Paragraph 157 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

158.    With respect to the allegations in Paragraph 158 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

**COUNT THREE**
**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

159.    With respect to the allegations in Paragraph 159 of the Amended Complaint, Defendant hereby incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

160.    With respect to the allegations in Paragraph 160 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

161.    With respect to the allegations in Paragraph 161 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

162.    With respect to the allegations in Paragraph 162 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

163.    With respect to the allegations in Paragraph 163 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

164.    With respect to the allegations in Paragraph 164 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

165.    With respect to the allegations in Paragraph 165 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

166.    With respect to the allegations in Paragraph 166 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

167.    With respect to the allegations in Paragraph 167 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

168.    With respect to the allegations in Paragraph 168 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in

Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

169.    With respect to the allegations in Paragraph 169 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

170.    With respect to the allegations in Paragraph 170 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

171.    With respect to the allegations in Paragraph 171 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

172.    With respect to the allegations in Paragraph 172 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

## COUNT FOUR
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

173.    With respect to the allegations in Paragraph 173 of the Amended Complaint, Defendant hereby incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

174.    With respect to the allegations in Paragraph 174 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

175.    With respect to the allegations in Paragraph 175 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in

Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

176.    With respect to the allegations in Paragraph 176 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

177.    With respect to the allegations in Paragraph 177 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

178.    With respect to the allegations in Paragraph 178 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

179.    With respect to the allegations in Paragraph 179 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

180.    With respect to the allegations in Paragraph 180 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

181.    With respect to the allegations in Paragraph 181 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

182.    With respect to the allegations in Paragraph 182 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

183.    With respect to the allegations in Paragraph 183 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

184.    With respect to the allegations in Paragraph 184 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

185.    With respect to the allegations in Paragraph 185 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

186.    With respect to the allegations in Paragraph 186 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

## COUNT FIVE
## DISCRIMINATION IN VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT

187.    With respect to the allegations in Paragraph 187 of the Amended Complaint, Defendant hereby incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

188.    With respect to the allegations of Paragraph 188 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations and on that basis denies such allegations, except to admit that Plaintiff at various times reported having certain medical impairments and conditions for which he sought and obtained treatment, including some type of bypass surgery in 2018, following which Plaintiff took an extended leave of absence,

after which he was returned to his prior position even though such restoration was not required under the terms of any applicable law.

189.    With respect to the allegations of the first sentence of Paragraph 189 of the Amended Complaint, Defendant denies the allegations.  With respect to the allegations of the second sentence of Paragraph 189 of the Amended Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations and on that basis denies such allegations, except to admit that Plaintiff at various times reported having certain medical impairments and conditions for which he sought and obtained treatment, including some type of bypass surgery in 2018, following which Plaintiff took an extended leave of absence, after which he was returned to his prior position even though such restoration was not required under the terms of any applicable law, and to further admit that Defendant was not in the position to attribute any peculiar behavior on the part of Plaintiff to a medical condition.  With respect to the allegations of the third sentence of Paragraph 189 of the Amended Complaint, Defendant denies having any knowledge that Plaintiff at the time of his termination was recovering from any type of cardiac event, and further admit that the decision to end Plaintiff's employment was made without regard to consideration of any of Plaintiff's reported or unreported medical condition or impairment.

190.    The allegations of the first sentence of Paragraph 190 of the Amended Complaint – alleging that Plaintiff was a "qualified individual with a disability" for purposes of the ADA – are in the nature of a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations, except to admit that Plaintiff at various times reported having certain medical impairments and conditions for which he sought and obtained treatment, including some type of bypass surgery in 2018.  With respect to the allegations of the second sentence of Paragraph 190 of the Amended Complaint, Defendant denies the allegations, except to

admit that Plaintiff served for a time as the Chief Information Officer of Defendant; and further that Plaintiff was responsible for overseeing the IT operations for Defendant; and further that Plaintiff, primarily as the result of the accomplishments of his team, performed some of his duties in acceptable manner, and in some instances he and his team were acknowledged for their contributions; and further that Plaintiff also performed other duties in an unsatisfactory manner, including as recognized in two different IT audits conducted by outside firms which found significant deficiencies in the IT operations of the Defendant; and further that as result of some of Plaintiff's failings, Defendant has been required to expend additional resources on IT support and development beyond what should have been necessary.  With respect to the allegations of the second sentence of Paragraph 190 of the Amended Complaint, Defendant denies the allegations as Plaintiff was not performing essential functions of his role in a satisfactory or acceptable manner at the time of his termination, and providing him the accommodations referenced in that sentence would not have altered Plaintiff's ongoing deficiencies in his performance.

191.    With respect to the allegations of the first sentence of Paragraph 191 of the Amended Complaint, Defendant denies the allegations that Plaintiff requested reasonable accommodations and further notes that Defendant had made the decision to terminate employment of Plaintiff in April 2023, following many months of coaching and counseling with respect to Plaintiff's unsatisfactory performance, that the implementation of that decision was briefly delayed due to Plaintiff having reported that he had experienced a medical event, that Plaintiff never asked for any specific accommodation relating to such medical event, and that any such accommodation would have been unreasonable given that the decision had already been made to end Plaintiff's employment.  With respect to the allegations of subparagraph (a) of Paragraph 191 of the Amended Complaint, Defendant denies the allegations.  With respect to the allegations of subparagraph (b)

of Paragraph 191 of the Amended Complaint, Defendant denies the allegations, except to admit that on May 22, 2023, Plaintiff sent an email to the NMCRS CEO informing him that he had a medical appointment that day and would be out for a couple of hours and then would be back online later in the afternoon.  With respect to the allegations of subparagraph (c) of Paragraph 191 of the Amended Complaint, Defendant denies the allegations except to admit that Plaintiff was provided a substantial period of time to review the generous severance package that had been offered by Defendant, and eventually was asked to make a decision as to whether he was going to accept the severance package or not.

192.    With respect to the allegations of Paragraph 192 of the Amended Complaint, Defendant denies the allegations and specifically denies that Plaintiff ever requested FMLA leave or suggested that he needed to take a leave of absence in May 2023.

193.    With respect to the allegations of Paragraph 193 of the Amended Complaint, Defendant denies the allegations as Plaintiff was not performing essential functions of his role in a satisfactory or acceptable manner at the time of his termination, and providing him the accommodations referenced in that sentence would not have altered Plaintiff's ongoing deficiencies in his performance.

194.    With respect to the allegations of Paragraph 194 of the Amended Complaint, Defendant denies the allegations.

195.    With respect to the allegations of Paragraph 195 of the Amended Complaint, Defendant denies the allegations.

196.    With respect to the allegations of Paragraph 196 of the Amended Complaint, Defendant denies the allegations.

197.    With respect to the allegations of Paragraph 197 of the Amended Complaint, Defendant denies the allegations.

198.    With respect to the allegations of Paragraph 198 of the Amended Complaint, Defendant denies the allegations.

199.    With respect to the allegations of Paragraph 199 of the Amended Complaint, Defendant denies the allegations.

200.    With respect to the allegations of Paragraph 200 of the Amended Complaint, Defendant denies the allegations.

**COUNT SIX**
**<u>INTERFERENCE WITH AND RETALIATION FOR EXERCISE OF RIGHTS</u>**
**<u>IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT</u>**

201.    With respect to the allegations in Paragraph 201 of the Amended Complaint, Defendant hereby incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

202.    With respect to the allegations of Paragraph 202 of the Amended Complaint, Defendant admits the allegations.

203.    With respect to the allegations of Paragraph 203 of the Amended Complaint, Defendant lacks the information or knowledge sufficient to admit or deny the allegations except to admit that Plaintiff reported that he had experienced a medical event on or about May 4, 2023, and represented that he would have some follow-up appointments and rehabilitation.

204.    With respect to the allegations of Paragraph 204 (including subparagraphs (a)-(b)) of the Amended Complaint, Defendant denies the allegations except to admit that Plaintiff transmitted an email on May 22, 2023 in which he informed the CEO that he had a doctor's appointment at 12:00 PM and a rehab appointment at 2:00 PM, after which he would be back working online.

205.    With respect to the allegations of Paragraph 205 of the Amended Complaint, Defendant denies the allegations on the grounds that the Plaintiff never provided notice of his need for FMLA leave or provided documentation to support such leave.

206. With respect to the allegations of Paragraph 206 of the Amended Complaint, Defendant denies the allegations except to admit except to admit that the decision to terminate the employment of Plaintiff was made in April 2023 following many months of coaching and counseling with respect to Plaintiff's unsatisfactory performance, and was thus made prior to any medical event that Plaintiff experienced in May 2023.

207.    With respect to the allegations of Paragraph 207 of the Amended Complaint, Defendant denies the allegations.

208.    With respect to the allegations of Paragraph 208 of the Amended Complaint, Defendant de1nies the allegations.

209.    With respect to the allegations of Paragraph 209 of the Amended Complaint, Defendant denies the allegations.

210.    With respect to the allegations of Paragraph 210 of the Amended Complaint, Defendant denies the allegations.

211.    With respect to the allegations of Paragraph 211 of the Amended Complaint, Defendant denies the allegations.

212.    With respect to the allegations of Paragraph 212 of the Amended Complaint, Defendant denies the allegations, except to admit that on May 23, 2023, Defendant implemented a decision to terminate Plaintiff's employment that had been made in April 2023, following many months of coaching and counseling with respect to Plaintiff's unsatisfactory performance.

213.    With respect to the allegations of Paragraph 213 (including subparagraphs (a)-(d)) of the Amended Complaint, Defendant denies the allegations, except to admit that the decision to terminate the employment of Plaintiff was made in April 2023 following many months of coaching and counseling with respect to Plaintiff's unsatisfactory performance, and was thus made prior to any medical event that Plaintiff experienced in May 2023.

214.    With respect to the allegations of Paragraph 214 of the Amended Complaint, Defendant denies the allegations.

215.    With respect to the allegations of Paragraph 215 of the Amended Complaint, Defendant denies the allegations.

216.    With respect to the allegations of Paragraph 216 of the Amended Complaint, Defendant denies the allegations.

217.    With respect to the allegations of Paragraph 217 of the Amended Complaint, Defendant denies the allegations.

218.    With respect to the allegations of Paragraph 218 of the Amended Complaint, Defendant denies the allegations.

219.    With respect to the allegations of Paragraph 219 of the Amended Complaint, Defendant denies the allegations.

220.    With respect to the allegations of Paragraph 220 of the Amended Complaint, Defendant denies the allegations.

**COUNT SEVEN**
**DISCRIMINATION ON THE BASIS OF RACE**
**IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT**

221.    With respect to the allegations in Paragraph 221 of the Amended Complaint, Defendant hereby incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

222.    With respect to the allegations in Paragraph 222 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

223.    With respect to the allegations in Paragraph 223 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

224.    With respect to the allegations in Paragraph 224 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

225.    With respect to the allegations in Paragraph 225 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in

Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

226. With respect to the allegations in Paragraph 226 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

227. With respect to the allegations in Paragraph 227 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

228. With respect to the allegations in Paragraph 228 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to

either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

229.    With respect to the allegations in Paragraph 229 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

230.    With respect to the allegations in Paragraph 230 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

231.    With respect to the allegations in Paragraph 231 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

**COUNT EIGHT**
**HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE**
**IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT**

232.    With respect to the allegations in Paragraph 232 of the Amended Complaint, Defendant hereby incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

233.    With respect to the allegations in Paragraph 233 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

234.    With respect to the allegations in Paragraph 234 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

235.    With respect to the allegations in Paragraph 235 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in

Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

236. With respect to the allegations in Paragraph 236 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

237. With respect to the allegations in Paragraph 237 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

238. With respect to the allegations in Paragraph 238 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed. As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required. To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

239.    With respect to the allegations in Paragraph 239 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

240.    With respect to the allegations in Paragraph 240 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

241.    With respect to the allegations in Paragraph 241 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

## COUNT NINE
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

242.    With respect to the allegations in Paragraph 242 of the Amended Complaint, Defendant hereby incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein.

243.    With respect to the allegations in Paragraph 243 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

244.    With respect to the allegations in Paragraph 244 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

245.    With respect to the allegations in Paragraph 245 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response

is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

246.    With respect to the allegations in Paragraph 246 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

247.    With respect to the allegations in Paragraph 247 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

248.    With respect to the allegations in Paragraph 248 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

249.    With respect to the allegations in Paragraph 249 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

250.    With respect to the allegations in Paragraph 250 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

251.    With respect to the allegations in Paragraph 251 of the Amended Complaint, on January 30, 2026, the Court dismissed with prejudice the claims asserted by Plaintiff in Counts One, Two, Three, Four, Seven, Eight, and Nine, and only permitted the claims asserted in Counts Five and Six to proceed.  As the allegations in this paragraph do not appear to relate to either of the remaining counts, no substantive response is required.  To the extent that any response is required, Defendant denies that it engaged in any discriminatory, retaliatory, or other unlawful act with respect to Plaintiff, and the allegations are denied on that basis.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts the following defenses and/or affirmative defenses, without assuming any burden of proof it does not have as a matter of law.

### FIRST DEFENSE

Plaintiff's ADA claims are barred to the extent that Plaintiff did not file a charge with the EEOC within 300 days of the action upon which any such ADA claim is based.

### SECOND DEFENSE

Plaintiff's ADA claims are barred because he did not file his lawsuit within 90 days of receipt of his Notice of Right to Sue from the EEOC.

### THIRD DEFENSE

Some or all of Plaintiff's ADA claims are barred because they are premised on acts or events that occurred prior to May 23, 2023, which was 300 days before the filing of his Complaint with the Virginia Office of Civil Rights.

### FOURTH DEFENSE

Plaintiff's ADA claims are barred because he was not a "qualified individual" in that he was not able, with or without accommodation, to perform the essential functions of his position in a manner satisfactory to his employer.

### FIFTH DEFENSE

Plaintiff's claims under the ADA or FMLA are barred because he did not put the Society on notice that he was seeking leave from work for any FMLA or disability related issues.

### SIXTH DEFENSE

Plaintiff's ADA termination claim fails because his alleged disability was not the but-for cause of his termination.

## SEVENTH DEFENSE

Plaintiff's FMLA retaliation claim fails because even if he made a request for FMLA leave, which the Society denies, such request was not the but-for cause of Plaintiff's termination.

## EIGHTH DEFENSE

Plaintiff's FMLA interference claim fails because Plaintiff was not entitled to any FMLA benefit, and even if he was, which the Society denies, he was not harmed by any alleged interference.

## NINTH DEFENSE

Even if Plaintiff experienced a qualifying event for FMLA purposes in early May 2023, Plaintiff's FMLA claims fail because Plaintiff was not entitled to any greater employment rights, including right to take leave or to reinstatement, then he would have otherwise been entitled to receive had he not experienced a qualifying event, and the decision to separate his employment had been made prior to any such event.

## TENTH DEFENSE

Plaintiff's FMLA claims fail because any violation of the statute was not willful, and as such Plaintiff's claim is barred by the statute of limitations.

## ELEVENTH DEFENSE

Plaintiff's ADA failure to accommodate and interactive process claims fail because he did not request an accommodation.

## TWELFTH DEFENSE

Some or all of Plaintiff's claim for damages are barred because he failed to mitigate his alleged damages.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claim for emotional distress are barred because he cannot establish that any emotional stress that he suffered was the result of Defendant's actions.

## FOURTEENTH DEFENSE

Some or all of Plaintiff's claim for punitive damages are barred because Plaintiff cannot establish that Defendant acted willfully or with reckless indifference to his rights.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to recover liquidated damages, in that all actions taken by Defendant concerning Plaintiff were taken in good faith.


Dated: February 13, 2026

Respectfully submitted,

/s/ Edward Lee Isler
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
John W. H. Harding, Va. Bar No. 87602
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
Email: eisler@islerdare.com
Email: mticatch@islerdare.com
Email: jharding@islerdare.com
*Counsel for Defendant*
*Navy-Marine Corps Relief Society*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends notification to the following:

> Adam Seth Nadelhaft
> Charlson Bredehoft Cohen Brown & Nadelhaft PC
> 11260 Roger Bacon Dr, Suite 201
> Reston, VA 20190
> 703-318-6800
> Fax: 703-318-6808
> Email: anadelhaft@cbcblaw.com
>
> *Counsel for Plaintiff*
> *Willie Williams*

> /s/ Edward Lee Isler
> Edward Lee Isler, Va. Bar No. 27985
> ISLER DARE, P.C.
>
> *Counsel for Defendant*
> *Navy-Marine Corps Relief Society*