# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| WILLIE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01766-MSN-LRV |
| ) | |
| NAVY-MARINE CORPS RELIEF ) | |
| SOCIETY ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT DISCOVERY PLAN AND RULE 26(f) REPORT

Pursuant to the Rule 26(f) of the Federal Rules of Civil Procedure, the Local Rules of this Court and the Court's Scheduling Order, Plaintiff, Willie Williams, and Defendant, the Navy-Marine Corps Relief Society, by counsel, hereby submit the following Joint Discovery Plan and Rule 26(f) Report.

I.   Conference of Parties

The parties conferred by Microsoft Teams on February 26, 2026 prior to submitting this proposed plan to consider claims, defenses, possibilities of a prompt settlement, and to arrange for disclosures as required by Fed. R. Civ. P. 26(a)(1).

II.   Initial Disclosures

The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made on or before **March 12, 2026**.

III.   Settlement

The parties have conferred regarding the possibility for settlement.

Plaintiff:  The parties discussed mediation after the Motion to Dismiss hearing, but the parties could not reach an agreement on whether to stay the Answer deadline pending the outcome of mediation and therefore did not proceed with mediation. Plaintiff is open to a mediation before a Magistrate Judge while the case continues to move forward, without a stay of discovery or other case deadlines.

Defendant:  Defendant communicated to Plaintiff, following the Motion to Dismiss hearing, an interest in participating in a settlement conference, conditioned upon the parties seeking from the Court a stay of the Defendant's need to file an Answer to the Amended Complaint, but Plaintiff declined to consent to such stay and therefore the parties are moving forward with discovery at this time.

IV.   Magistrate Judge

The parties have not agreed to try this matter before a United States Magistrate Judge.

V.   Subjects of Discovery

The Parties will conduct discovery in accordance with Federal Rule of Civil Procedure 26(b) and all other relevant Federal and Local Rules for the claims and defenses relevant to Counts 5 and 6 of the Amended Complaint.

VI.   Interrogatories

Per the Court's Scheduling Order, no Party will initially serve more than thirty (30) interrogatories, including parts and subparts, on any other Party.

VII.   Requests for the Production of Documents

The parties agree that the exchange of written requests for the production of documents and responses shall be conducted pursuant to Fed. R. Civ. P. 34, including the specific requirements governing electronic documents.

VIII.   Requests for Admissions

The parties agree that the exchange of written requests for admission shall be conducted pursuant to Fed. R. Civ. P. 36.

IX.   Depositions

The parties agree to comply with the limitations on depositions contained in the court's Scheduling Order—that is, neither Plaintiff nor Defendant will take more than five (5) non-party, non-expert witness depositions without leave of court.

X.   Third-Party Subpoenas.

Pursuant to Rule 45(a)(4), the Parties agree to provide notice of any subpoena for document to the other Party at least three (3) calendar days before service. The Parties further agree to produce to the other Party reasonably, within three (3) business days of receipt, all discovery material obtained from a subpoena to third parties. The Parties have discussed that Defendant intends to subpoena the production of medical records from Plaintiff's medical providers, and Plaintiff agrees to confer with Defendant on the proposed subpoenas to determine the appropriate scope.

XI.   Expert Witnesses

The default deadlines from the Local Rules for disclosing experts under Rule 26(a)(2) are as follows: Plaintiff discloses on or before April 13, 2026; Defendant discloses on or before May 13, 2026; Plaintiff discloses any rebuttal by May 28, 2026. Due to the timing of document productions, the default deadlines allow Plaintiff only two weeks between the production deadline and the disclosure deadline—which is a brief window of time to review documents, identify documents for experts, and resolve any document disputes. To avoid delays in expert reports or amended reports, the Parties propose the following disclosure dates:

      a.      Plaintiff's disclosure of expert testimony in accordance with Rule 26(a)(2) shall be made on or before **April 27, 2026**;

      b.      Defendant's disclosure of expert testimony in accordance with Rule 26(a)(2) shall be made on or before **May 27, 2026**.

      c.      Plaintiff's disclosure of rebuttal expert testimony in accordance with Rule 26(a)(2) shall be made on or before **May 27, 2026**.

The parties agree to work together cooperatively to schedule depositions of experts within the time allotted for completion of discovery.

XII.    <u>Discovery Completion</u>

Per the Court's Scheduling Order, all discovery shall be completed by **June 12, 2026**.

XIII.    <u>Serving and Filing Pleadings, Motions, and Other Papers</u>

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that service of notices of deposition, discovery requests, written responses to discovery, and other discovery notices and other papers not required to be filed with the Clerk of Court will be accepted by electronic means and that service is complete upon and on the day of transmission provided that the Party to be served receives the transmission by 11:59 p.m. Electronic transmissions received by a Party after 11:59 p.m. on a day shall be effective as service on the following day.

Discovery requests served pursuant to Fed R. Civ. P. 33, 34, or 36 shall also be served in an editable format readable in Microsoft Word. Any attachments to discovery, deposition notices or other discovery notices not filed with the Clerk of Court shall be e-mailed simultaneously. If the attachments are too voluminous to send by email, they shall be sent by messenger or overnight delivery on the same day as the e-mail transmission, or by ShareFile, Dropbox or a similar service.

The parties also agree and acknowledge, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service by e-mail is not effective if the Party making service receives an auto-generated communication that the document(s) being served was not received by the intended recipient. In such a case, service must be made as soon as practicable after receipt of such communication, by messenger or overnight mail and shall be considered effective upon receipt by either method.

XIII.    Disclosure or Discovery of Electronically Stored Information

The parties must take steps to ensure that discoverable information is being preserved. Pursuant to Rule 26(f)(3)(C), the parties may produce responsive documents, including electronically stored information, in the most cost-effective manner given the type and volume of responsive information, and any requested information may be produced in a standard hard-copy form, electronic document transfer, or compact disc. The parties agree that any electronically stored information may be produced as searchable .pdf format or, where appropriate, native format such as .xls or .ppt. In the event that a Party seeks metadata associated with a produced document, the Parties will timely confer and attempt to reach an agreement before moving to compel the requested metadata. The parties will bring before the Court any issues relating to the incurring or assignment of any extraordinary costs associated with gathering and producing Electronically Stored Information, including metadata.

XIV.    Claims of Privilege or Protection of Trial Preparation Materials

The parties agree that:

(1)    upon notification or discovery of an inadvertently-produced document, the opposing Party shall be notified;

(2)    all copies of the inadvertently produced document are to be returned to the producing Party or be destroyed;

(3)     all copies of the inadvertently-produced privileged document provided to third-parties, contained in the discovery record, or filed with the Court should be retrieved and, again, returned to the producing Party or destroyed;

(4)     to the extent the receiving Party is challenging the assertion of privilege, the receiving Party may retain one copy of the inadvertently-produced record until the issue of privilege can be timely addressed by the Court, and during such time the inadvertently-produced documents shall not be used for any purpose other than challenging the privilege assertion.

The parties agree that the inadvertent production of information subject to a privilege shall not constitute a waiver of the privilege. Each Party will also produce a log of all documents withheld on the basis of attorney client privilege or other evidentiary privilege or doctrine within fourteen days of the date the document was withheld from production.

XV.   Protective Order

The parties will confer on the terms of an appropriate protective order that may be deemed necessary to protect any confidential, personal, or proprietary information that may be exchanged during the course of discovery. The parties shall file the appropriate motion with the Court for approval of same should it become necessary.  The parties agree that the production and conduct of discovery shall not be withheld or delayed in any manner because a Protective Order has not been entered; instead the parties will maintain the confidentiality of any documents or information designated in good faith as confidential unless and until a Protective Order is entered governing the designated documents and information.

XVI.  <u>Initial Pretrial Conference</u>

In consideration of the above, the Parties, by counsel, hereby request that the Court approve and adopt this Discovery Plan and, if agreeable to the court, cancel the Pretrial Conference scheduled for March 11, 2026 at 11:00 a.m.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| _/s/ Adam S. Nadelhaft_<br>Adam S. Nadelhaft, VSB 91717<br>Rosemary A. Loehr, *pro hac vice*<br>CHARLSON BREDEHOFT<br>COHEN BROWN & NADELHAFT, P.C.<br>11260 Roger Bacon Drive, Suite 201<br>Reston, Virginia 20190<br>(703) 318-6800 Telephone<br>(703) 318-6808 Facsimile<br>anadelhaft@cbcblaw.com<br>rloehr@cbcblaw.com<br>*Counsel for Plaintiff* | _/s/ Edward Lee Isler_<br>Edward Lee Isler, VSB 27985<br>Micah E. Ticatch, VSB 83351<br>John W. H. Harding, VSB 87602<br>ISLER DARE, P.C.<br>1945 Old Gallows Road. Suite 650 Vienna, Virginia 22182<br>Phone: (703) 748-2690<br>Facsimile: (703) 748-2695<br>Email: eisler@islerdare.com<br>Email: mticatch@islerdare.com<br>Email: jharding@islerdare.com<br>*Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 4th day of March, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Edward Lee Isler, Va. Bar No. 27985
    Micah E. Ticatch, Va. Bar No. 83351
    John W. H. Harding, Va. Bar No. 87602
    ISLER DARE, P.C.
    1945 Old Gallows Road. Suite 650 Vienna, Virginia 22182
    Phone: (703) 748-2690
    Facsimile: (703) 748-2695
    Email: eisler@islerdare.com
    Email: mticatch@islerdare.com
    Email: jharding@islerdare.com

    *Counsel for Defendant*
    *Navy-Marine Corps Relief Society*

    Adam S. Nadelhaft, VSB 91717
    CHARLSON BREDEHOFT
    COHEN BROWN & NADELHAFT, P.C.
    11260 Roger Bacon Drive, Suite 201
    Reston, Virginia 20190
    (703) 318-6800 Telephone
    (703) 318-6808 Facsimile
    anadelhaft@cbcblaw.com
    *Counsel for Plaintiff, Willie Williams*