**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| WILLIE WILLIAMS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:25-cv-1766-MSN-LRV |
| | ) |
| NAVY-MARINE CORPS RELIEF | ) |
| SOCIETY, | ) |
| | ) |
| Defendant. | ) |

<u>**RULE 16(B) SCHEDULING ORDER**</u>

Pursuant to Federal Rule of Civil Procedure 16(b), Local Civil Rule 16(B) and the Court's February 17, 2026 Scheduling Order (Dkt. No. 23), an initial pretrial conference was held telephonically on March 11, 2026 at which counsel for both parties appeared. Upon consideration of the representations made by the parties in the Joint Discovery Plan and Rule 26(f) Report (the "Joint Discovery Plan") (Dkt. No. 24), and consistent with the discussion during the initial pretrial conference, the Court makes the following rulings:

1.      The Joint Discovery Plan filed by the parties is approved, *as amended herein*, and shall control discovery to the extent of its application unless further modified by the Court.

2.      All discovery shall be concluded by **June 12, 2026**.

3.      The final pretrial conference shall be held on **June 18, 2026** before the District Judge.

4.      In Paragraph III of the Joint Discovery Plan, the parties state that they have discussed the possibility of scheduling a settlement conference. As discussed during the initial pretrial conference, the parties are strongly encouraged to schedule a settlement conference with the undersigned. During the initial pretrial conference, the Court explained the process for requesting a settlement conference. For planning purposes, the parties are advised that the undersigned prefers

to conduct settlement conferences in person, and that due to the Court's calendar, a settlement conference may be scheduled for a date several weeks after the parties reach out to request a date.

5.      Pursuant to Paragraph II of the Joint Discovery Plan, the parties will exchange Federal Rule of Civil Procedure 26(a)(1) disclosures on or before **March 12, 2026**.

6.      Pursuant to Paragraph XI of the Joint Discovery Plan and the discussion during the initial pretrial conference regarding modifying when rebuttal disclosures are due, the following deadlines shall control the timing of expert disclosures required under Federal Rule of Civil Procedure 26(a)(2): Plaintiff shall identify expert witnesses and provide required reports by such witnesses on or before **April 27, 2026**; Defendant shall identify expert witnesses and provide required reports by such witnesses on or before **May 27, 2026**; and Plaintiff's rebuttal disclosures, if any, are due on or before **June 5, 2026**. **To the extent the parties wish to modify these deadlines, they must seek leave of the Court.**

7.      Disclosures under Federal Rules of Civil Procedure 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall <u>not</u> be filed on the docket except on order of the Court, or for use in a motion or at trial.

8.      No "general objection" may be asserted in response to any discovery request except to preserve the attorney-client privilege and work product protection.

9.      The parties are reminded that, pursuant to Local Civil Rule 26(C), objections to discovery requests are due by 15 days after service.

10.     In Paragraph XIV of the Joint Discovery Plan, the parties agree to certain procedures and limitations regarding privileged material. To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner in accordance with Federal Rule of Civil Procedure 26(b)(5). **Unless otherwise agreed by the parties in writing, if material is withheld from production based on claims of attorney-**

2

**client privilege or the work product protection, such material must be recorded in a privilege log, and the privilege log must be served within fourteen (14) days of a respective document production. If a document production is made with fewer than 14 days remaining in the discovery period, the privilege log for that production must be served by the close of discovery.**

11.    In Paragraph XV of the Joint Discovery Plan, the parties agree to "confer on the terms of an appropriate protective order that may be deemed necessary to protect any confidential, personal, or proprietary information that may be exchanged during the course of discovery." As discussed during the initial pretrial conference, the parties are advised to promptly file any proposed protective order for the Court's review. The absence of a protective order is not a basis to fail to timely produce discovery in this matter. Any provision in the protective order concerning filing documents under seal must also comply with Local Civil Rule 5. In the event the parties are unable to reach an agreement on a protective order, they are directed to submit a joint proposed protective order that identifies any areas of dispute and briefly explains each side's position.

12.    The parties are reminded of their obligation to preserve all discoverable information, including but not limited to Electronically Stored Information ("ESI").

13.    **Discovery-related motions must be filed in time to be heard by the close of discovery.**

14.    The following provisions shall apply to the filing and noticing of all motions:

(a)    All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be delivered directly to the attention of the judge hearing the motion at the Clerk's

3

Office within one day of the electronic filing. *See* "Alexandria Chambers Copies/Division-Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b)     Except for consent motions, all motions shall be accompanied either by a waiver of hearing or a notice of hearing for the earliest possible hearing date consistent with the briefing schedules discussed below.  A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above.

(c)     Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(d)     Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1).  Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after service of the motion and a reply brief may be filed 6 days after the service of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs.

(e)     In order to provide for the prompt resolution of non-dispositive matters to be heard by the assigned magistrate judge, a non-dispositive motion may be filed by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday.  Under this expedited schedule, a response brief must be filed no later than 5:00 p.m. on the following Wednesday and any reply brief should be filed as early as possible on Thursday to give the Court time to review all pleadings before the hearing.  This expedited schedule shall apply for non-dispositive motions noticed for a hearing with less than two weeks' notice.  If a non-dispositive motion is noticed for a hearing between two and three weeks from the filing date, any response brief must be filed 7 days after service and any reply brief may be filed 3 days after service of the response.  At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing with three weeks' notice and the briefing schedule provided in Local Civil Rule 7(F)(1) providing for 14 days

4

for a response brief and 6 days for a reply would apply. If a non-dispositive motion is filed and oral argument is waived, any response brief must be filed within 7 days after service and any reply brief within 3 days after service of the response.

(f)    All summary judgment issues shall be presented in the same pleading unless leave of the Court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

(g)    Any motion to file a document under seal must comply with Local Civil Rule 5. Pursuant to Local Civil Rule 5, a notice specifically identifying the motion as a sealing motion must be filed on the public record. There is no need to file a notice of hearing or waiver of hearing for a motion to seal. A memorandum must be filed stating sufficient facts to support the action sought, and a proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meets the requirements of Local Civil Rule 5. Only material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with the motion to

seal. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004).

15. In the event this case is tried before a jury, each party shall file their proposed jury instructions and *voir dire* seven (7) days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

**ENTERED** this 11th day of March, 2026.

/s/ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia

6