**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **WILLIE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-01766-MSN-LRV** |
| | ) | |
| **NAVY-MARINE CORPS RELIEF** | ) | |
| **SOCIETY** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

The parties, by consent, move the Court for entry of this Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("confidential materials"), and ensure that protection is afforded only to material so designated.

IT IS HEREBY ORDERED THAT:

1. General Scope of the Agreement: This Protective Order shall govern certain documents and other material produced in discovery in response to any discovery request or other request for information made by Plaintiff or Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including but not limited to, responses to requests for admission, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed from non-parties and documents subpoenaed in connection with depositions and any deposition transcript or

1

portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) medical records or other health-related information; (b) personal information about Plaintiff and/or Defendant and/or Defendant's employees or agents, including but not limited to: social security numbers, tax information or health information; (c) confidential or proprietary business and personal information, including but not limited to, income tax returns, balance sheets, financial information and profit and loss statements;(d) trade secrets or commercial information.

2. Designation as Confidential. Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, or who has documents subpoenaed from a non-party may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to requests for admission, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information is produced or furnished.

3. Procedure for Designating Information as Confidential. Parties may designate confidential materials in the following manner, provided such designation is based on a good faith belief by counsel for the designating party that such materials are in fact confidential:

(a) In the case of documents or other written materials, by affixing to each page of the document, at the time of such production, the word "Confidential" by stamp or other method, which will make the word conspicuous;

(b) In the case of documents produced by non-parties pursuant to subpoena, by notifying the other parties of the designation of any such records, including medical records, as confidential;

2

(c) Where documents are produced after having been bates-stamped, confidential documents can also be identified to counsel by reference to their bates-stamp numbers;

(d) In the case of answers to interrogatories, designation shall be made by placing the word "confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the word "confidential";

(e) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be disclosed, with a statement confirming when confidential material is no longer at issue

4. <u>Restricted Use of Confidential Information.</u>  Documents/information designated as "confidential" pursuant to paragraphs 1 and 2 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals, on a good-faith need-to-know basis:

(a) the Court (including the Clerk's office, stenographic reporters and videographers engaged in such proceedings as are necessary to any motion, hearing, the preparation for trial and trial of this action);

(b) counsel for parties, their staff members, their professional and para-professional employees;

(c) any experts, consultants, investigators or service contractors (i.e., court reporters or outside copying or imaging services) consulted or retained by the parties regarding this action;

3

(d) the parties, including members, agents, staff, employees, officers or managers of a party who have a need to know the information for purposes of this litigation;

(e) witnesses;

(f) defendant's insurer(s) and their assigned claims' handlers, if any; or

(g) any other individual by mutual consent of the parties.

5. Acknowledgement of Agreement.    All persons to whom confidential material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive confidential material pursuant to paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person breaching the provisions of this Order is subject to the contempt powers of the Court.

6. Use of Confidential Materials in this Case.  Nothing in this Order shall prevent or impair the use by a party of confidential materials as set forth in paragraphs 1 and 2 hereof in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court, so long as confidentiality of such information is protected as provided herein. To the extent feasible, a party that intends to file confidential materials produced by the other party with the Court, will identify such documents in advance of filing.  The parties shall confer pursuant to Local Civil Rule 7 regarding appropriate steps to eliminate or minimize the risk of disclosure and, if the matter remains unresolved, shall jointly seek leave to file such documents under seal in compliance with Local Civil Rule 5.  The party who produced the confidential materials shall be responsible for drafting the motion and memorandum required under Local Civil Rule 5.  If the Court denies the

4

motion to file under seal, then the materials may be filed with the Court through the normal filing procedures.

7. <u>Challenging Confidentiality</u>.  Neither this order nor acceptance by a party of any information, document or thing identified as "confidential" pursuant to this Order shall constitute a concession that the information, document or thing is confidential material. In the event of a dispute, counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, the party challenging the designation may make a motion to the Court to strike the designation. Until the Court issues a ruling on the disputes, the document or other material shall be treated as confidential.

8. <u>Right to Object</u>. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modifications of this Order.

9. <u>Disclosure</u>.

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party;

(b) Nothing in this Order shall prevent any party from producing any document or information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be promptly given to and confirmed received by the other party

prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which material designated confidential are sought.

10. Third Party Documents May be Designated. In the event that Plaintiff or Defendant or their counsel obtain information from a third party that Plaintiff or Defendants believe in good faith to be confidential, they may designate such information as Confidential pursuant to this Order and it shall be treated as such in accordance with this Order.

11. Non-Parties May Designate. If in the course of this litigation, discovery is sought from non-parties that would require such non-parties to produce and/or disclose Confidential documents or information, a copy of this Order may be furnished to each non-party, and such non-parties may gain the protection of this Order by agreeing in writing to produce documents pursuant to this Order and to be bound by it.

12. Trial Procedures. A determination as to when and what special procedures, if any, are necessary for handling Confidential documents and information subject to this Order at trial shall be deferred until a trial date has been set in this case. Nothing contained in this Order, however, shall preclude either party from attempting to use any Confidential documents as evidence should this matter proceed to trial, subject to any confidentiality protections that the Court may direct. Notwithstanding, the exhibits, whether in a hearing or at trial, labeled Confidential shall not be required to be in an envelope unless explicitly agreed by the parties or ordered by the Court

13. Return of Confidential Information. Upon termination of this action, a party may request in writing the return of that party's "confidential" documents or information or certify that "confidential" documents or information have been destroyed by an appropriate method of destruction to be agreed to by the parties, provided, however, that it is agreed that counsel for each

6

party may maintain an electronic copy of such documents provided such documents are maintained in such a manner as to ensure their continued confidentiality.

14. Modification of Order.   If any of the parties hereto believe that this Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court to modify this Order.

15. Protection of Copies.  All copies of confidential materials produced hereunder shall be subject to the same terms of this Order as the confidential materials from which such copies were prepared, if properly designated.

16. Notices.  Notice required under this Order shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

17. Effective Date.  This Order shall be effective immediately upon entry.

7

Dated: April 8, 2026

Respectfully submitted,                              Respectfully submitted,


/s/ Adam S. Nadelhaft                                /s/ Edward Lee Isler
Adam S. Nadelhaft, Va. Bar No. 91717                 Edward Lee Isler, Va. Bar No. 27985
Charlson Bredehoft Cohen Brown &                     Micah E. Ticatch, Va, Bar No. 83351
Nadelhaft PC                                         ISLER DARE, P.C.
11260 Roger Bacon Dr, Suite 201                      1945 Old Gallows Road, Suite 650
Reston, VA 20190                                     Vienna, Virginia 22182
703-318-6800                                         (703) 748-2690 (main)
Fax: 703-318-6808                                    (703) 748 2695 (fax )
anadelhaft@cbcblaw.com                               eisler@islerdare.com
Counsel for Plaintiff                                mticatch@islerdare.com
Willie Williams

                                                     Counsel for Defendant
                                                     Navy-Marine Corps Relief Society




**IT IS SO ORDERED.**

Alexandria, Virginia
April 8, 2026
                                                     _____/s/_____
                                                     Lindsey Robinson Vaala
                                                     United States Magistrate Judge


8